UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Geraldo Gonzalez

    v.                                              Civil No. 09-cv-234-JD

Al Wright, Superintendent,
Rockingham County Department
of Corrections

**REPORT AND RECOMMENDATION**

Before the Court is Geraldo Gonzalez's complaint (document nos. 1 & 5), filed pursuant to 42 U.S.C. § 1983. Gonzalez filed this action while housed at the Rockingham County House of Corrections ("RCHC"), alleging violations of his federal and state constitutional rights to an adequate law library, meaningful access to the courts, equal protection, due process, and the effective assistance of counsel.[1] The complaint is before me for preliminary review to determine, among other

---

[1] On July 10, 2009, Gonzalez filed a "Petition for Immediate Injunctive Relief," which was docketed as the complaint in this matter (document no. 1). On August 12, 2009, Gonzalez filed a "Pro Se Motion to Supplement Issues" (document no. 5). I construe the second filing as an addendum to the original complaint, and will consider both documents, in the aggregate, will be considered to be the complaint in this matter for all purposes.

things, whether it states any claim upon which relief might be granted.[2]  See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  The court must accept as true the

---

[2]Gonzalez requested preliminary injunctive relief in his complaint.  A hearing was held before me on this request on August 14, 2009.  I will issue a separate recommendation on the request for a preliminary injunction.

plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom.  See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990).  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Gonzalez is a pretrial detainee at the RCHC where, Gonzalez alleges, the law library is incomplete and inadequate to meet his legal research needs.  Specifically, Gonzalez asserts that the library contains no federal or state caselaw, no legal research digests, no computerized legal research system, no instructional or how-to books, no librarian or person trained in the law, and no federal statutes.  Gonzalez describes the library as a closet-sized room which contains only: a largely outdated set of New Hampshire statutes; an outdated set of New Hampshire Practice and Procedure for Family and Criminal Law; New Hampshire Rules of Court; and outdated immigration law books.  Gonzalez also indicates that the law library at the RCHC lacks: (1) any state or federal caselaw or reporters; (2) the United States Code; (3) any instructional or how-to books; (4) a table and chairs; (5) a

photocopier; (6) a typewriter; and (7) a librarian or other person trained in the law to assist inmates.

Because of the inadequacies in the law library, Gonzalez alleges he has been unable to file pro se civil rights lawsuits regarding the conditions of his confinement at the RCHC. Gonzalez states that without the assistance of a person trained in civil litigation, he needs research materials that allow him to conduct the litigation himself. Further, Gonzalez, although he has court-appointed counsel in his criminal case, seeks to assist in his own defense for his September 2009 criminal trial, and states that he cannot do that with the current RCHC legal materials.

## Discussion[3]

### I. Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. See 42 U.S.C. § 1983[4]; Parratt v. Taylor, 451

---

[3]The claims identified herein will be considered for all purposes to be the claims raised in the complaint. If Gonzalez disagrees with this identification of his claims, he must do so by properly objecting to this Report and Recommendation, or properly moving to amend his complaint.

[4]42 U.S.C. § 1983 provides that:

4

U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986)); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Gonzalez's claims allege violations of federal constitutional law by state actors, his suit arises under § 1983.

II.  Inadequate Law Library Claims

Under the Due Process Clause of the Fourteenth Amendment, prison inmates enjoy a right of access to the courts.  See Bounds v. Smith, 430 U.S. 817, 828 (1977); Lewis v. Casey, 518 U.S. 343, 350-51 (1996); Carter v. Fair, 786 F.2d 433, 435 (1st Cir. 1986).  States have an affirmative duty to ensure that inmates have meaningful access to the courts.  Bounds, 430 U.S. at 832-34;

---

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Wolff v. McDonnell, 418 U.S. 539 (1974), Johnson v. Avery, 393 U.S. 483, 485 (1969); Germany v. Vance, 868 F.2d 9, 14 (1st Cir. 1989) (internal quotations omitted).  In order to assert a denial of meaningful access to the courts, an inmate must allege that he has suffered injury or prejudice to an underlying nonfrivolous legal action.  See Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.  Without such an injury, no claim lies for a denial of access to the courts.  See Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.  The right of access to the Courts in the prisoner context has been limited to certain types of lawsuits.  See Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999) (limiting a prisoner's right to access the courts to direct appeals, habeas petitions, and civil rights claims taken on prisoner's own behalf).  Accordingly, an inmate must allege that he has been prejudiced by the lack of access to the courts in a legal action that he is constitutionally entitled to pursue.

The right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828.  While a prison is not required to provide both an adequate

law library and persons knowledgeable in the law to assist inmates, the institution must provide resources that, in the aggregate, enable inmates to conduct legal research or prepare legal filings.  Bounds, 430 U.S. at 828; Cepulonis v. Fair, 732 F.2d 1, 6 (1st Cir. 1984).

Although the right to meaningfully access a law library is not absolute as, for example, it may be restricted on occasion when it might contravene an important security concern of the prison, "when a state chooses to fulfill its Bounds obligation . . . solely or primarily by providing access to a law library, such access cannot be so attenuated as to be meaningless." Cepulonis, 732 F.2d at 4.  A procedure wherein an inmate is not provided the opportunity to conduct research, but is required to provide, in advance of receiving legal materials, the specific case citation or publication sought, is "suspect," because "when inmates are unassisted by persons trained in the law and must specify in advance the books which they wish to use . . . [i]t is unrealistic to expect a prisoner to know in advance exactly what materials he needs to consult."  Id. at 3-5.  Accordingly, where a prison so restricts or eliminates access to an adequate law library, the prison must provide adequate access to some means by

which an inmate can both conduct legal research to identify necessary materials, and then obtain those materials. See id. at 6.  In order to state a claim that the inadequacy of the law library impinged his ability to conduct legal research in his criminal case, therefore, plaintiff must allege that the availability of all of the legal resources available to him, taken as a whole, were inadequate to meet his need to conduct research.  Bounds, 430 U.S. at 832.

Gonzalez has stated sufficient facts to demonstrate that the library at the RCHC is inadequate to enable an inmate, without assistance from a person trained in the law, to conduct legal research.  Specifically, Gonzalez points to a lack of legal resources combined with a lack of personal assistance that renders him unable to pursue civil actions.  Further, plaintiff alleges there are no instructional materials on filing a claim, any caselaw reporters or any federal statutes.  It is hard to imagine how an uninitiated would-be litigator would know where to begin.

Gonzalez concedes that he has an attorney representing him in his criminal case.  I presume Gonzalez's attorney can adequately meet his needs in the criminal case, or provide him

access to legal materials so that he might assist in his own defense.  Accordingly, I cannot find that Gonzalez has stated a claim on the grounds that his criminal defense has been compromised by the lack of an adequate law library at the RCHC and I recommend that the claim, to the extent it alleges that Gonzalez has been denied adequate legal resources to conduct research in his criminal case, be dismissed.

Gonzalez also states, however, that he wishes to file a civil rights lawsuit complaining of the conditions of his confinement, but has been unable to do so due to the dearth of materials available at the RCHC.  This allegation suffices to state a claim for a denial of meaningful access to the courts.

Gonzalez names the Superintendent of the RCHC, Al Wright, as the sole defendant to this action.  Wright is the person responsible for ensuring that the RCHC provides its inmates with legal research resources that, in the aggregate, are adequate to satisfy the inmates' constitutionally guaranteed right to meaningfully access the courts.  In the Order issued simultaneously with this Report and Recommendation, I will direct Gonzalez's denial of access to the courts claim, insofar is it alleges that Gonzalez has been denied the ability to file civil

actions complaining of the conditions of his confinement due to the inadequacy of the law library, be served on Wright.

### III. Ineffective Assistance of Counsel Claim

As previously noted, "[a]n inmate in prison has a constitutional right of access to the courts through "'adequate law libraries *or* adequate assistance from persons trained in the law,' not both." Cepulonis, 732 F.2d at 6 (emphasis in original) (quoting Bounds, 430 U.S. at 828). Where the constitution guarantees no right to counsel, there can be no constitutional violation for the failure of the state to provide plaintiff with the effective assistance of counsel. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (lack of constitutional right to attorney in post-conviction proceedings negates availability of enforceable constitutional right to the effective assistance of post-conviction counsel) (citing Wainwright v. Torna, 455 U.S. 586, 587 (1982)). Gonzalez has no right to court-appointed counsel in a civil case. See Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988). The RCHC is obligated to provide its inmates with meaningful access to the courts through an adequate library or the assistance of a person trained in the law, but no free-standing right to counsel accrues to Gonzalez from that

obligation.  See Bounds, 430 U.S. at 828; Cepulonis, 732 F.2d at 6.

Accordingly, I find that Gonzalez has not alleged that he has a constitutional right to the effective assistance of counsel, and that therefore no § 1983 claim based on such a right may be sustained.  I recommend that Gonzalez's claim alleging a violation of his Sixth Amendment right to the effective assistance of counsel be dismissed.

IV.  Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment mandates that similarly situated persons be treated alike.  See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  Gonzalez generally alleges that his right to equal protection was violated, but fails to state how he has been treated differently than any inmate similarly situated to himself.  Accordingly, I recommend that this claim be dismissed as inadequately pleaded.

## Conclusion

For the foregoing reasons, in an Order issued simultaneously with this Report and Recommendation, I direct service of Gonzalez's claim alleging that his right to meaningfully access

the courts to file a prison conditions lawsuit has been hampered by the RCHC's inadequate law library.  I recommend that the remaining claims in the complaint, alleging a denial of the effective assistance of counsel, a denial of meaningful access to the court to litigate his pending criminal case, and a denial of equal protection, be dismissed.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    September 10, 2009

cc:      Geraldo Gonzalez, *pro se*