UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Geraldo Gonzalez

    v.                                        Civil No. 09-cv-234-JD

Al Wright, Superintendent,
Rockingham County Department
of Corrections

**REPORT AND RECOMMENDATION**

Before the Court is Geraldo Gonzalez's request for a preliminary injunction (document nos. 1 & 5).[1]  Gonzalez seeks immediate access to adequate legal research resources to enable him to file a civil rights lawsuit or a transfer to the Strafford County House of Corrections.  A hearing was held before me on Gonzalez's motion on August 14, 2009.  After consideration of the evidence and argument submitted by the parties, I recommend that Gonzalez's motion for a preliminary injunction be granted.

---

[1] Gonzalez's "Request for Preliminary Injunction" (document no. 1) was also docketed as the initial complaint in this matter. An addenda to the complaint (document no. 5), also serves as an addenda to the request for preliminary injunction.

Background

Gonzalez is a pretrial detainee at the Rockingham County House of Corrections ("RCHC"). Gonzalez testified at the hearing in this matter that he wishes to file a civil rights lawsuit, or lawsuits, against the RCHC, pursuant to 42 U.S.C. § 1983. Gonzalez seeks to sue the RCHC to litigate his claims that: (1) he has received inadequate medical care for his serious medical needs at the RCHC; (2) the RCHC and the phone company it contracts with have conspired to defraud prisoners, in violation of 18 U.S.C. § 1962, et seq., the Racketeer Influenced Corrupt Organizations Act; and (3) RCHC officials are defrauding prisoners by charging more than face value for postage stamps. Gonzalez stated that he does not know how to begin a civil lawsuit, what form a civil complaint should take, or how to sufficiently plead these claims so that the Court will entertain his action.

The undisputed testimony at the hearing was that the RCHC law library contains only outdated, non-annotated, New Hampshire statutes, immigration law books, New Hampshire practice guides on criminal and family law, and a file cabinet full of board games. The library contains no caselaw, no federal statutes, no

instructional materials regarding litigation, and no digests or other collections of legal materials that would enable an inmate to research or litigate criminal and civil actions.

Inmates can request specific cases by name. Upon receiving a request for copies of cases, Assistant RCHC Superintendent John Blomeke sends an email to the state law library, located at the New Hampshire Supreme Court. Someone at that library then emails the cases back to Blomeke, who prints them out and provides them to the requesting inmate.[2] Cases cannot be Shepardized. Blomeke, who has been the person at the RCHC obtaining requested cases for inmates for several years, testified that until the hearing on this matter, he had never heard of Shepard's or Shepardizing a case. Based on the evidence presented at the hearing, I find that the RCHC is not providing Gonzalez with an adequate law library, or person trained in the law, to assist him in researching, crafting, and litigating civil rights actions he is entitled to pursue during his incarceration.

---

[2]There was disagreement between Gonzalez and Blomeke at the hearing about whether or not all of Gonzalez's requests for cases had been fulfilled. I need not resolve the issue, however, to render a recommendation on Gonzalez's request for injunctive relief.

Discussion

I.  Standard of Review

Preliminary injunctive relief is available to protect the moving party from irreparable harm, so that he may obtain a meaningful resolution of the dispute after full adjudication of the underlying action.  See Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007).  Such a situation arises when some harm from the challenged conduct could not be adequately redressed with traditional legal or equitable remedies following a trial.  See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18 (1st Cir. 1996) (finding irreparable harm where legal remedies are inadequate); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (explaining irreparable harm and its effect on the contours of preliminary injunctive relief).  Absent irreparable harm, there is no need for a preliminary injunction.  The need to prevent irreparable harm, however, exists only to enable the court to render a meaningful disposition on the underlying dispute.  See CMM Cable Rep., Inc. v. Ocean Coast Props., 48 F.3d 618, 620-21 (1st Cir. 1995) (explaining the purpose of enjoining certain conduct as being to "preserve the 'status quo' . . . to permit the trial court, upon

full adjudication of the case's merits, more effectively to remedy discerned wrongs"); see also Stenberg v. Cheker Oil Co., 573 F.2d 921, 925 (6th Cir. 1978) ("The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits.").

A preliminary injunction cannot issue unless the moving party satisfies four factors which establish its need for such relief. See Esso Std. Oil Co. v. Monroig-Zavas, 445 F.3d 13, 17-18 (1st Cir. 2006) (discussing the requisite showing to obtain a preliminary injunction); see also Ross-Simons, 102 F.3d at 18-19 (explaining the burden of proof for a preliminary injunction). Those factors are: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Esso Std. Oil, 445 F.3d at 18. "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed

in his quest, the remaining factors become matters of idle curiosity."  <u>New Comm Wireless Servs. v. SprintCom, Inc.</u>, 287 F.3d 1, 9 (1st Cir. 2002).  Yet, "the predicted harm and the likelihood of success on the merits must be juxtaposed and weighed in tandem."  <u>Ross-Simons</u>, 102 F.3d at 19.

II.  <u>Preliminary Injunction Factors</u>

    A.  <u>Likelihood of Success on the Merits</u>

Prisoners maintain a constitutional right of access to the courts that affords them access to the tools necessary to challenge their criminal cases, criminal convictions and sentences directly or collaterally, to file habeas petitions, or to challenge the conditions of their confinement through civil rights actions.  <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 345 (1996).  In order to state a claim for denial of access to the courts under § 1983, a prisoner must demonstrate that the prison officials' actions "hindered his efforts to pursue a legal claim" that he is constitutionally entitled to pursue during his incarceration.  <u>Id.</u> at 351.  Gonzalez claims that his right to meaningfully access the courts has been denied by the failure of the RCHC to provide him with an adequate law library or the assistance of a person trained in the law to assist him in

preparing, filing, and litigating civil rights actions complaining about the conditinos of his confinement.

Gonzalez seeks to file a civil rights action complaining of the conditions of his confinement at the RCHC. Gonzalez is entitled to file such a suit. See id. at 345. During his incarceration, Gonzalez is entitled to legal resources which, in the aggregate, enable him to pursue civil rights actions. See Bounds v. Smith, 430 U.S. 817, 932 (1977). Gonzalez's undisputed testimony at the hearing described a law library that is woefully inadequate to assist him in filing a civil rights action. Although prisoners have some access to legal materials, as they can request copies of specific cases. Prisoners with no legal training, however, cannot be expected to know the names of cases that might help them pursue civil rights actions when they are not provided with research materials that would enable them to find case names.

Gonzalez testified that he does not know how to begin litigation of his prison conditions suit because he is unable, with the legal resources now at the RCHC, to determine how to format or file a lawsuit, the pleading requirements of his suit, the elements of his intended claims, and other information

necessary to successful litigation.  This was aptly demonstrated when Gonzalez expressed his intention to file a class action suit, but, because he was unable to do research on this topic, was unaware that, as a pro se plaintiff, he cannot do so.  I find that Gonzalez has demonstrated that he is likely to succeed on the merits of his underlying claim that he was denied meaningful access to the courts in this matter.

    B.    <u>Irreparable Harm</u>

The evidence before the Court demonstrates that, if no injunction is granted, Gonzalez will not have access to the legal materials he needs to file a lawsuit.  As a result, he is unable to seek relief for what he alleges are present violations of his federal constitutional and statutory rights.  The continued denial of this right may result in missed deadlines, statutes of limitations issues, exhaustion issues, and other problems that could prevent him from filing his lawsuits altogether. Additionally, Gonzalez may need legal resources not currently available to him at the RCHC to adequately litigate the instant action.  I find, therefore, that Gonzalez risks irreparable harm if he is not provided with adequate access to legal materials and

resources that allow him to successfully litigate his civil rights claims.

C. Balance of Hardships

The RCHC has a constitutional obligation to provide inmates with adequate legal resources. The burden of being denied the right to challenge one's prison conditions, and seek redress for harms, when juxtaposed against the burden presented by requiring the RCHC to do no more than fulfill its constitutional obligation, weighs in favor of granting preliminary injunctive relief in this case.

D. Public Interest

The public interest is well-served by assuring that citizens who are incarcerated are assured the right to challenge their criminal cases and convictions and to petition the courts for redress when their rights are violated. There is no public interest served by failing to provide a constitutionally adequate law library, or access to adequate legal materials and resources, to inmates. For that reason, I find that the public interest weighs in favor of issuance of a preliminary injunction.

## Conclusion

I find that Gonzalez is likely to succeed on the merits of his underlying claims, that he will likely be irreparably harmed in the absence of an injunction, that the balance of hardships weighs in favor of the plaintiff, and that the public interest is best served in this matter by granting the requested relief. Accordingly, I recommend that the following injunction issue:

1.   Al Wright, Superintendent of the RCHC, is directed to insure that Gonzalez has access to a law library that contains, at a minimum: updated New Hampshire and federal caselaw, or digests inmates can utilize to find caselaw to request for copying, access to copies of the caselaw they need, instructional resources on how to prepare, file, and litigate state and federal lawsuits, a current copy of the United States Code, and the ability to Shepardize cases, or perform the equivalent function, within ten days of the date this Report and Recommendation is approved if, in fact, it is approved by the District Judge;

2.   Wright must keep the law library reasonably current by obtaining new replacement materials for the aforesaid resources, once they are released by the publisher;

      3.    Wright may fulfill the directives here by acquiring materials and resources that make the RCHC library, and services attendant to the library, adequate to its purpose, transferring Gonzalez to a facility with such legal resources already in place, or transporting Gonzalez to such a library for the purpose of conducting legal research for the same amount of time per week that he would ordinarily be allowed to conduct research.  RCHC personnel must objectively consider reasonable requests from Gonzalez for additional research time, and provide that time as appropriate;

      4.    Any cost associated with complying with this injunction shall be borne by the defendant.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of</u>

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   September 10, 2009

cc:     Geraldo Gonzalez, pro se
        Jerome Blanchard, Esq.