UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Geraldo Gonzalez

    v.                                            Civil No. 09-cv-234-JD

Al Wright, Superintendent,
Rockingham County Department
of Corrections

**O R D E R**

Before the Court is Geraldo Gonzalez's complaint (document nos. 1 & 5), filed pursuant to 42 U.S.C. § 1983. Gonzalez filed this action while housed at the Rockingham County House of Corrections ("RCHC"), alleging violations of his federal and state constitutional rights to an adequate law library, meaningful access to the courts, equal protection, due process, and the effective assistance of counsel.[1] The complaint is before me for preliminary review to determine, among other

---

[1] On July 10, 2009, Gonzalez filed a "Petition for Immediate Injunctive Relief," which was docketed as the complaint in this matter (document no. 1). On August 12, 2009, Gonzalez filed a "Pro Se Motion to Supplement Issues" (document no. 5). I construe the second filing as an addendum to the original complaint, and will consider both documents, in the aggregate, will be considered to be the complaint in this matter for all purposes.

things, whether it states any claim upon which relief might be granted.[2]  See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons fully explained in the Report and Recommendation issued simultaneously with this Order, and without further comment on the merits of Gonzalez's suit, I direct service of the claim alleging that Gonzalez was denied meaningful access to the courts, to enable him to litigate civil prison condition claims, due to the RCHC's inadequate law library, on defendant Al Wright.

   My review of the file indicates that Gonzalez has not yet prepared a summons form for the defendant.  The Clerk's Office is directed to forward to Gonzalez a blank summons form.  Gonzalez is directed to complete a summons form for Wright and return the completed form to the Clerk's Office within thirty days of the date of this Order.  The Clerk's office shall then issue the summons against the defendant, and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): (1) the summons and a copy of the complaint (document

---

[2]Gonzalez requested preliminary injunctive relief in his complaint.  A hearing was held before me on this request on August 14, 2009.  I will issue a separate recommendation on the request for a preliminary injunction.

nos. 1 & 5); (2) my Report and Recommendation issued this date; and (3) this Order.

Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the defendant.  <u>See</u> Fed. R. Civ. P. 4(c)(2).

The defendant is instructed to answer or otherwise plead within twenty days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Gonzalez is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to him or his attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     September 10, 2009

cc:       Geraldo Gonzalez, *pro se*

3