```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Geraldo Gonzalez

    v.                                    Civil No. 09-cv-234-JD
                                          Opinion No. 2009 DNH 188

Al Wright, Superintendent,
Rockingham County Department
of Corrections


                           O R D E R


     Geraldo Gonzalez, proceeding pro se and in forma pauperis, filed a complaint and an addendum, seeking a preliminary injunction to allow him access to adequate legal research resources and alleging claims against the superintendent of the Rockingham County Department of Corrections. The magistrate judge held a hearing on the request for a preliminary injunction. Following the hearing, the magistrate issued reports recommending that Gonzalez's request for a preliminary injunction be granted, that Gonzalez's claim that he was denied adequate access to the court for filing a civil rights action be allowed, and that his remaining claims be dismissed. The court approved the reports and recommendations on October 14, 2009.

     Gonzalez has filed motions to strike the superintendent's answer to his complaint and to supplement his complaint. The superintendent objects to both motions.

A.  Motion to Strike

Gonzalez moves to strike the superintendent's answer on the grounds that it was not timely filed and is improper.  See Fed. R. Civ. P. 12(f).  The answer was timely filed because the court granted the superintendent's motion for an extension of time. See Endorsed Order entered Nov. 2, 2009.

Rule 12(f) allows the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The court has reviewed the superintendent's answer and finds no grounds to strike it. Therefore the motion is denied.

B.  Motion to Amend

Gonzalez seeks leave to supplement his complaint, pursuant to Federal Rule of Civil Procedure 15(d), to add a demand for damages in the amount of $3,500,000 and to add a claim for breach of fiduciary duty with a demand for $250,000 in damages.  He provides no further support for his request.  The superintendent objects, contending that Rule 15(d) does not apply and that Gonzalez lacks grounds to amend his complaint.

The superintendent is correct that Rule 15(d) does not apply to Gonzalez's motion.  Under Rule 15(a)(2), leave to amend is generally granted unless the amendment would be futile or would reward unjust delay.  Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009).  A proposed amendment is futile if it fails to state a claim.  Id.

To the extent that Gonzalez seeks to amend his complaint to add the amount of damages he alleges he is due under his single remaining claim, alleging denial of adequate access to the court while he was housed at the Rockingham County House of Corrections, the amendment is allowed.  With respect to the second proposed supplement, no claim for breach of fiduciary duty is alleged in the complaint.  Gonzalez's motion does not provide any basis for such a claim, which, therefore, is deemed to be futile, and his motion is denied as to that proposed amendment.

## Conclusion

For the foregoing reasons, the plaintiff's motion to strike (document no. 21) is denied.  The plaintiff's motion to supplement his complaint (document no. 23) is granted to the extent that a demand for damages in the amount of $3,500,000 is added to his complaint, and the motion is otherwise denied.

Therefore, the plaintiff's complaint is not amended to add a claim for breach of fiduciary duty.

SO ORDERED.

                                    _____
                                    Joseph A. DiClerico, Jr.
                                    United States District Judge

December 8, 2009

cc:  Geraldo Gonzalez, pro se
     Erik Graham Moskowitz, Esquire