UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Geraldo Gonzalez</u>

    v.                                          Civil No. 09-cv-234-JD

<u>Al Wright, Superintendent,
Rockingham County
Department of Corrections</u>


<u>O R D E R</u>

Geraldo Gonzalez, proceeding pro se and in forma pauperis, filed a complaint and an addendum, seeking a preliminary injunction to allow him access to adequate legal research resources and alleging claims against Al Wright, the superintendent of the Rockingham County Department of Corrections ("RCDC"). The magistrate judge held a hearing on the request for a preliminary injunction. After the hearing, the magistrate judge issued reports recommending that Gonzalez's request for a preliminary injunction be granted, that Gonzalez's claim that he was denied adequate access to the court for filing a civil rights action be allowed, and that his remaining claims be dismissed. The court approved the reports and recommendations. Gonzalez then moved to amend his complaint, and the motion was granted to the extent that a demand for $3,500,000 in damages was added.

Wright now moves for summary judgment. Gonzalez did not respond to the motion for summary judgment.

Standard of Review

"A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "To be entitled to summary judgment, the party with the burden of proof must provide evidence sufficient for the court to hold that no reasonable trier of fact could find other than in its favor." Am. Steel Fabricators, Inc. v. Local Union No. 7, 536 F.3d 68, 75 (1st Cir. 2008). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. Id. at 255.

Where a summary judgment motion is unopposed, the motion is not automatically granted. See Aguiar-Carrasquillo v. Agosto-

Alicea, 445 F.3d 19, 25 (1st Cir. 2006).  Rather, "the district court is still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate."  Id. (internal quotation marks, alteration, and citation omitted).  Pursuant to Local Rule 7.2(b)(2), "[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party."

## Background

The relevant background facts for purposes of summary judgment are gleaned from the affidavits of John Blomeke, the RCDC Assistant Superintendent, and Jake Collins, a corrections officer and the Program Administrator at the Strafford County Department of Corrections ("SCDC"), as well as the documents attached thereto.  Wright filed the two affidavits in conjunction with his motion for summary judgment.

Both Gonzalez and Blomeke testified at the August 14, 2009, evidentiary hearing, and some of their testimony is contradicted by Blomeke's subsequent affidavit.  In his affidavit, Blomeke explains that he was unprepared to testify at the hearing, and thus the testimony is incorrect to the extent it conflicts with his affidavit.

Gonzalez's testimony at the hearing also differed from the statements in the Blomeke affidavit. Gonzalez did not file any objection to the motion for summary judgment, however, and thus, under Local Rule 7.2(b)(2), he is deemed to have admitted the facts as described in Blomeke's affidavit.

Gonzalez was originally incarcerated at Allenwood Medium Federal Correctional Institution in Pennsylvania. On May 27, 2009, Gonzalez was brought to Rockingham County House of Corrections ("RCHC"). Gonzalez filed his petition for injunctive relief on July 10, 2009, and on August 28, he was taken to Strafford County House of Corrections ("SCHC").

On September 10, 2009, the magistrate judge recommended that a preliminary injunction issue requiring Wright to insure that Gonzalez had access to a law library that contained certain enumerated, reasonably updated legal resources. The recommendation stated that Wright could comply either by acquiring the listed materials for the RCHC library or by transferring Gonzalez to a facility with an adequate library for the same amount of time each week that he would ordinarily be allowed to conduct his research. The report and recommendation was approved on October 14, 2009.

In the meantime, on September 22, 2009, Gonzalez was returned to RCHC for one night, and then was transferred to

Allenwood on September 23. Gonzalez was apparently released from Allenwood in December of 2009.[1]

While Gonzalez was incarcerated at RCHC, from May 27 to August 28, 2009, he had access to, and frequently used, the RCHC library. Blomeke states in his affidavit that, at that time, the RCHC library contained the following materials:

- U.S. District Court for the District of New Hampshire ("D.N.H.") local rules (2009)
- D.N.H. Pro Se Litigant's Guide (revised 5/07)
- multiple D.N.H. guides for prisoners to file claims under 42 U.S.C. § 1983, which were available for the prisoners to keep[2]
- U.S. Department of Justice interim decisions
- Lexis Habeas Corpus Practice and Procedures, volumes 1 and 2
- U.S. Constitution
- Detention and Corrections case law catalogs, 4th and 16th editions
- Federal Civil Rules handbook
- U.S. Code Annotated
- New Hampshire Rules of Court (Federal and State)
- Federal Civil Judicial Procedures and Rules
- New Hampshire Court Rules Annotated with supplement
- New Hampshire Superior Court Rules
- Complete set of New Hampshire Revised Statutes Annotated
- New Hampshire Practice Series (volumes on wills/trusts, personal injury, probate law, local government law, municipal taxation, road law)
- New Hampshire Education Laws Annotated

---

[1]Gonzalez filed a notice of change of address on December 30, 2009, in which he listed a private address in Manchester, New Hampshire.

[2]A copy of the guide is attached to Wright's motion. See Pl.'s Mot., Exh. A ("Blomeke Aff."). It includes instructions for filing a § 1983 complaint by a prisoner, a blank complaint form, instructions for filing a motion to proceed in forma pauperis, and a blank motion to proceed in forma pauperis.

- New Hampshire Consumer Handbook
- Black's Law Dictionary
- Complete set of Bender's Immigration case reporter
- Complete set of Bender's Immigration and Nationality Act service
- Attorney's Guide to Representing Asylum Cases
- Guide for Immigration Advocates
- Complete set of Interpreter Releases – Report and Analysis of Immigration and Nationality Law
- Legal Rights and Information for INS Detainees
- Complete set of Administrative Decisions – Immigration and Nationality Law
- Country Reports on human rights practices (volumes 1 and 2)
- Aliens and Nationality Code of Federal Regulations
- New Hampshire Criminal Code
- LaFave-Israel Criminal Procedure, 2d edition

RCHC inmates who wished to research case law could submit requests to John Blomeke, the RCDC Assistant Superintendent. Requests, which could list either specific case citations or search terms, were emailed to someone at the New Hampshire Supreme Court law library. A staff member there would perform the requested searches, Shepardize the case law, and email the results to Blomeke, who would promptly transmit them to the requesting inmates. Gonzalez used this procedure while he was at RCHC. Additionally, on August 21, 2009, RCHC staff gave Gonzalez a copy of the instructions for filing a § 1983 complaint by a prisoner and other requested supplies.

During the time Gonzalez was incarcerated at SCHC, from August 28 to September 22, 2009, he did not submit a request to access the law library there.

Discussion

Gonzalez's remaining claim arises under 42 U.S.C. § 1983 and alleges a violation of his constitutional right to meaningful access to the courts. Gonzalez asserts in his petition and amendments thereto that the RCHC library was inadequate and that he was consequently unable to file a pro se civil rights lawsuit challenging the conditions of his RCHC confinement. Wright contends that the resources available at RCHC when Gonzalez was confined there, along with the procedure for acquiring additional materials, were constitutionally sufficient.

"It is axiomatic that prisoners have a constitutionally-protected right of meaningful access to the courts." Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). Meaningful access means that prisoners must have an adequate opportunity in court to challenge deprivations of their constitutional rights. Boivin, 225 F.3d at 36. To that end, "correctional authorities must 'assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" Id. (quoting Bounds, 430 U.S. at 828).[3] In order to state a claim that an

---

[3]As the first Report and Recommendation explained, a corrections facility need not provide both an adequate law

inmate has been denied meaningful access to the courts, he must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," such as by showing "that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint."  Lewis v. Casey, 518 U.S. 343, 351 (1996).

Gonzalez alleges that the library was inadequate because it lacked a typewriter, a photocopier, and a table.  Gonzalez does not explain how the lack of these items left him unable to file a complaint or otherwise harmed.  As demonstrated by the complaint filed in this case, filings need not be typewritten to be accepted by this court, and need not necessarily be accompanied by any photocopied materials.  Gonzalez does not explain what materials he wished to photocopy and how the inability to photocopy impaired his access to the courts.

With respect to the legal resources available at RCHC, Gonzalez alleges that they are constitutionally insufficient.  Wright contends that the library, and the procedure for obtaining

---

library and a person with legal training.  "[T]he right of access to the courts does not require the provision of counsel in civil cases."  Boivin, 225 F.3d at 42 (citations omitted).  In this instance, RCHC has chosen to provide a law library.

cases through the New Hampshire Supreme Court, fulfills his constitutional obligation to provide meaningful access to the courts.

The evidence in the summary judgment record shows that, in addition to a number of resources that would not be useful in filing a prison conditions lawsuit under § 1983, the library contained a copy of the U.S. Constitution, the U.S. Code with annotations, the federal civil procedure rules, the New Hampshire federal rules of court, the local rules of this court, and Black's law dictionary.  In addition, the library contained a Pro Se Litigant's Guide and multiple copies of this court's guide for prisoners who wish to bring claims under 42 U.S.C. § 1983, which gives a template for the complaint and explains many of the rules and procedures applicable to such an action.  Furthermore, although there were no case reporters at the library, prisoners could access case law by submitting to Blomeke either citations or search terms.  The cases and other law could also be Shepardized, which would provide the inmate with additional case names to research.

As presented in the summary judgment record, the materials provided and otherwise made available at the RCHC library were sufficient to enable an inmate to file a complaint challenging

his prison conditions.[4]  Gonzalez "is not entitled to a state of the art law library," but rather only to "resources that are 'adequate to permit an inmate to explore possible theories of relief, determine the facts that must be present to make out claims under any available theories, and to frame pleadings before the federal or state courts should he wish to do so.'" Owens v. SCDC, No. 8:09-278-GRA, 2009 WL 1684501, at *1 (D.S.C. June 16, 2009) (quoting Strickler v. Waters, 989 F.2d 1375, 1386 (4th Cir. 1978)); see also Lewis, 518 U.S. at 354 ("enabl[ing] the prisoner to discover grievances, and to litigate effectively once in court . . . is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires") (emphasis in original); Muñiz v. Richardson, No. 09-2229, 2010 WL 1258135, at *3 (10th Cir. Mar. 31, 2010) (even if prison staff was untrained in law and could not provide federal or state case law, prisoner's access to legal materials was sufficient because

---

[4] It appears that Gonzalez's failure to file a complaint resulted not from a lack of access to the courts, but rather a lack of will on his part.  In his complaint, Gonzalez asked to be transferred to SCHC in order to use that facility's library.  During the month he was incarcerated at SCHC, however, he did not once request to use the library.  Gonzalez's failure to research, file, and otherwise pursue his § 1983 claims when he had the opportunity to do so undermines any argument that he was harmed by an inadequate library at RCHC.  Moreover, Gonzalez's ability to file this lawsuit and pursue it to the summary judgment stage indicates that he has had meaningful access to the courts.

he could access case law through a mail service); <u>Detmer v. Gilmore</u>, No. 07-4177-CV-C-SOW, 2008 WL 2230698, at *4 (W.D. Mo. May 29, 2008) ("Resources for litigating effectively once in court or multiple legal resources for researching claims are not constitutionally required."). The legal materials that were available at RCHC when Gonzalez was incarcerated there, as evidenced by the Blomeke affidavit and uncontradicted by Gonzalez, were sufficient to meet the constitutional requirement of meaningful access to the courts. Wright has shown that he is entitled to summary judgment.

## Conclusion

For the foregoing reasons, Wright's motion for summary judgment (doc. no. 39) is granted.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

August 30, 2010

cc:  Geraldo Gonzalez, pro se
     Erik Graham Moskowitz, Esq.